PIG & WHISTLE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6811. Promulgated December 19, 1927.

*Lloyd S. Ackerman*, for the petitioner.
*Thomas P. Dudley, Jr., Esq.*, for the respondent.

OPINION.

VAN FOSSAN : Petitioner contends that the unamortized or unextinguished cost of the old lease became a loss upon the execution of the new lease and that a deduction of the total amount should be allowed in the taxable year. Respondent treated it as a cost of the new lease to be exhausted or recovered by proration over the term thereof. We agree with the position of the respondent.

In the case of *Charles N. Manning* v. *Commissioner*, 7 B. T. A. 286, we held that the unextinguished cost of buildings removed in order to obtain a 99-year lease upon the land represented the cost to the lessor of such lease and should be exhausted over the term of the lease. In the opinion we said:

Taken by itself, the petitioners undoubtedly would be said to have sustained a loss in the demolition of their buildings, but when considered in connection with the entire transaction entered into on October 31, 1921, the Board is of the opinion that the removal of the buildings was fully compensated for in the rights acquired under the lease and that the cost of the buildings, less sustained depreciation, is properly allocable to the cost of securing the lease. In other words, there was in this instance what amounted to a substitution of assets; instead of an asset in the form of buildings, the petitioners now have another asset, viz., a lease, the giving up or voluntary destruction of the buildings being a necessary incident to the acquisition of the lease.

The reasoning is applicable here. While the unextinguished cost of the old lease might have been a loss had the lease been canceled before expiration if no new lease had been executed, viewing the entire transaction we believe there was such a continuity of rights and such an interrelation between the two leases as to justify the holding that the unextinguished cost of the first was part of the cost and consideration of the second.

*Judgment will be entered on 15 days' notice, under Rule 50.*