Phil Gluckstern's, Inc. v. Commissioner.
Phil Gluckstern's, Inc. v. Commissioner
Docket No. 50143.
United States Tax Court
T.C. Memo 1956-9; 1956 Tax Ct. Memo LEXIS 287; 15 T.C.M. (CCH) 41; T.C.M. (RIA) 56009; January 18, 1956
*287 Held, the petitioner, a lessee, is not entitled to deduct the unamortized cost of the lease in the year in which it was canceled and a new lease entered into, but may deduct only a pro rata portion for that year; the unamortized cost is to be treated as cost of the new lease. Harry Lesnik, Esq., for the petitioner. James J. Quinn, Esq., for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined deficiencies in income tax against the petitioner for the years 1947 and 1949 in the respective amounts of $2,203.16 and $4,223.57. The question presented is whether the respondent erred in disallowing as a deduction for 1949 the remaining unamortized cost of a lease, $34,713.10, and allowing only $5,409.84. The disallowance resulted in a computation by the respondent of net income for the year 1949 instead of a net loss as claimed by the petitioner, and the deficiency for 1947 determined by respondent results from the elimination of the carry-back of a net operating loss from 1949 to 1947. Findings of Fact The facts were stipulated and are incorporated herein by reference. The petitioner is a corporation organized *288 under the laws of the State of New York, on February 20, 1945, with an office at 209 West 48th Street, New York City, New York. It is in the business of operating a restaurant. The returns for the years in question were filed with the collector of internal revenue for the third district of New York. Its books and records are kept and its income tax returns are prepared on an accrual method. The officers of the petitioner are Philip R. Gluckstern, president and treasurer, and his wife, Sylvia Gluckstern, secretary. Philip R. Gluckstern owns 71 3/7 per cent of the issued capital stock and his wife owns the remainder. On or about March 27, 1945, Gunther's Famous Steak House, Inc., assigned its lease of a store located at 209 West 48th Street, New York City, being operated as a restaurant, to the petitioner for $55,000. The petitioner thereupon commenced the operation of a restaurant on the premises. The leasehold interest assigned to the petitioner was originally entered into between Grace L. Lowther as landlord and Gunther's Famous Steak House, Inc., as tenant, and was for a period of 15 years, beginning on June 1, 1940 and ending May 31, 1955. The lease was dated June 10, 1940. *289 The first paragraph of the lease, after providing for the payment of rent, also provided as follows: "Provided, however, that for the period beginning with the date hereof and ending August 31, 1940 the Tenant shall occupy the premises rent free and provided, further, that on or after June 1, 1950, the Landlord may, in the event of a bona fide sale of the said premises, cancel this Lease by giving the Tenant ninety (90) days notice thereof in writing, and that at the end of the said ninety (90) days the Tenant shall remove [from] the said premises and its obligations under this Lease shall cease and terminate." Consent to the assignment of the lease from Gunther's Famous Steak House, Inc., to the petitioner, under the identical terms of the original lease, was given by Grace L. Lowther, landlord, on March 31, 1945. The 209 West 48th Street Realty Corp. was organized under the laws of the State of New York on June 18, 1945. Its officers were Philip R. Gluckstern, president and treasurer, and Sylvia Gluckstern, secretary. Philip R. Gluckstern owned 100 per cent of the stock. The fee to the premises covered by the above-mentioned lease and operated as a restaurant by the petitioner *290 was purchased by the 209 West 48th Street Realty Corp. on June 18, 1945. On September 30, 1949, the 209 West 48th Street Realty Corp. notified the petitioner that it was going to cancel the lease as of December 31, 1949, pursuant to the first paragraph of the lease. The petitioner entered into a new lease with the 209 West 48th Street Realty Corp., dated January 1, 1950, for a period of five years at an increased rental. The premises located at 209 West 48th Street housed other tenants besides the petitioner. This property was and is the only property owned by the 209 West 48th Street Realty Corp. There was considerable increase in rental values of property located in the vicinity of 209 West 48th Street in the City of New York between the years 1940 and 1949. During the taxable years 1945 to 1948, inclusive, the petitioner amortized its cost of $55,000 for the original leasehold interest over the then remaining life of the lease, 10 years from 1945. For the taxable year 1949 the petitioner claimed a deduction of $34,713.10, the amount of the unamortized portion of the original cost of the leasehold interest at December 31, 1949, the date of the termination of the original lease. *291 As a result of this claimed deduction, the petitioner reported on its income tax return for 1949 a net operating loss of $10,505.12. The respondent disallowed $29,303.26 of the claimed deduction, thus allowing instead an amount of $5,409.84, representing that portion of the amortization of the original leasehold interest which relates to 1949. The respondent determined that at the date of acquisition the remaining term of the leasehold was 122 months and the amount of $5,409.84 represents 12/122 of the original cost of $55,000. The deficiency for the year 1947 results from the disallowance of a net operating loss carry-back from the taxable year 1949 which had previously been tentatively allowed by the respondent. Opinion The petitioner contends that the total amount of the unamortized cost of the old lease is deductible in 1949 since the lease was canceled as of December 31, 1949, and the new lease at a higher rental did not take effect until January 1, 1950. The original lease was for a term of 15 years from June 1, 1940, and had been acquired by the petitioner at a cost of $55,000 on or about March 27, 1945. The respondent contends that the petitioner is entitled for the *292 year 1949 to a deduction of only $5,409.84, which is the proportionate part of the cost allocable to 1949 upon the basis of a remaining life of the lease of 122 months from the time petitioner acquired it. Among other authorities, the respondent relies upon the case of Pig & Whistle Co., 9 B.T.A. 668. In that case the petitioner had purchased in 1911 for $27,000 a lease of a certain property having 13 years to run, expiring May 31, 1924. During each of the years 1911 to 1920, petitioner charged off as amortization 1/13 of the cost, leaving unamortized on January 31, 1921, the sum of $7,297.56. On that date the petitioner and the lessors mutually agreed to cancel the lease and a new lease at an increased rental was executed for a 15-year term. No bonus was paid for the new lease, but the old lease would not have been canceled except for the execution of the new lease. In the Opinion in that case it was stated: "* * * While the unextinguished cost of the old lease might have been a loss had the lease been canceled before expiration if no new lease had been executed, viewing the entire transaction we believe there was such a continuity of rights and such an interrelation *293 between the two leases as to justify the holding that the unextinguished cost of the first was part of the cost and consideration of the second." In our opinion that case is decisive of the issue here presented. Here, the lessor, at the time of cancellation, was a corporation owned by the same interests as owned the petitioner. It had purchased the underlying property and obviously had taken it subject to any conditions imposed in the existing lease. Under that lease the lessor had no right to cancel the lease prior to June 1, 1950. It, therefore, seems clear that the petitioner must have agreed to the cancellation, since the cancellation was effective as of December 31, 1949. Furthermore, we think it equally clear that the petitioner, if acting at arm's length with the lessor, would not have agreed to cancellation of the lease except for the execution of a new lease. Accordingly, it is held that the unextinguished cost of the first lease was part of the cost and consideration of the second and that the petitioner is not entitled to deduct in 1949 the amount thereof, but only the portion which the respondent has allowed. It follows that there is no net loss for 1949 to be carried *294 back to 1947. Decision will be entered for the respondent.