Woodside, Inc., DBA, Clift Hotel v. Commissioner.
Woodside, Inc. v. Commissioner
Docket No. 61487.
United States Tax Court
T.C. Memo 1958-202; 1958 Tax Ct. Memo LEXIS 26; 17 T.C.M. (CCH) 997; T.C.M. (RIA) 58202; November 28, 1958
*26 Held, that petitioner's bases for amortization of a hotel lease and for depreciation of certain furniture, fixtures and furnishings used in connection therewith, are the adjusted bases of such properties as prescribed by the applicable provisions of the 1939 Code, and not the values of such properties. Respondent's determination of such adjusted bases, and also his determination of amounts of amortization and depreciation allowable for the year 1951, are approved. Allison T. Folsom, Esq., 356 South Broadway, *27 Los Angeles, Calif., for the petitioner. Eugene F. Reardon, Esq., for the respondent. PIERCE Memorandum Opinion PIERCE, Judge: The respondent determined a deficiency in petitioner's income tax for the calendar year 1951 in the amount of $636.20, and an addition to tax under section 291(a) of the 1939 Code, in the amount of $159.05, for petitioner's delinquency in filing its income tax return for said year. The only issues for decision are the amounts allowable to petitioner for the taxable year, as deductions for amortization of a hotel lease and for depreciation on certain furniture, fixtures and furnishings used in operating the hotel under said lease. The answer to this problem will depend on what were the bases for amortization and depreciation of these properties, under the applicable provisions of the 1939 Code, as of the dates on which they were acquired by petitioner, which bases are the starting points for computing the allowances for the taxable year involved. The additions to tax are not contested except as they would be reduced by a reduction of the deficiency. All the evidentiary facts have been stipulated; and they are so found. The stipulation, together *28 with the exhibit attached thereto, is incorporated herein by reference. Said facts may be summarized as follows: The petitioner, Woodside, Inc., doing business as Clift Hotel, is a California corporation. Its income tax return for the calendar year involved was filed with the collector of internal revenue for the sixth district of California. In the year 1940, an individual named M. C. Somers, Sr., obtained a lease on the Clift Hotel, located in Los Angeles, California, for an approximate 10-year period commencing January 22, 1940, and continuing to February 28, 1950. The lease provided for a monthly rental after the first few months of 30 per cent of the gross receipts from the operation of the hotel, with a minimum rental of $750 per month. None of the other lease provisions are in evidence. Said M. C. Somers, Sr. died on November 29, 1945; and thereupon his heirs, who were Andrietta G. Somers, Andrita S. Westcott. and M. C. Somers, Jr., inherited equal shares in the above-mentioned lease (hereinafter called the "original lease") and in the furniture and fixtures then used in connection therewith (hereinafter called the "original furniture"). The decedent's estate was probated *29 in the Superior Court of the State of California; and in this proceeding, said original lease and original furniture were appraised and inventoried as follows: Lease on Clift Hotel
$50,000
Furniture. furnishings and equip-
ment contained in the building
known as Clift Hotel
7,500
Following said decedent's death and until January 8, 1948, the three heirs above named continued to operate the hotel under said original lease, as partners using the name of M. C. Somers Company. On January 8, 1948, the petitioner was incorporated for the purpose of operating the Clift Hotel; and on the same date, the three partner-heirs above named transferred to petitioner, in consideration for the issuance to them in equal shares of the entire capital stock of the corporation, all their right, title and interest in said original lease of the Clift Hotel, together with said original furniture and all other assets used in the operation of the hotel. It has been stipulated that this was a "tax-free exchange." The above transfer was made subject to the condition that petitioner would enter into a new 10-year lease with the lessor and owner of the Clift Hotel property, on the terms *30 and conditions set forth in a proposed new lease; and the offer for transfer subject to said condition was accepted by petitioner in a resolution adopted on January 8, 1948, which read: "Be it resolved that the assets and properties which are offered to be transferred and some of which have been transferred to the corporation by Andrietta G. Somers, Andrita S. Westcott and M. C. Somers, Jr., by that written offer dated January 8, 1948, as consideration for the issuance to them of the shares of the stock of the within corporation, are of the reasonable market value of $50,000.00 and that that offer is reasonable and should be accepted by the within corporation." On January 9, 1948, which was the next day after petitioner was incorporated and after it had received said assets from the partnership and had issued said shares of capital stock therefor, it executed the new lease on the Clift Hotel property (hereinafter called the "new lease"), without any additional cost to itself. Said new lease was antedated to October 1, 1947, and covered a 10-year period from said latter date to midnight on September 30, 1957. It contained no provision giving the lessee any right or option for extension *31 or renewal. Like the original lease, the new lease provided for a monthly rental of 30 per cent of the gross receipts from the operation of the hotel; but the amount of the minimum monthly rental was increased from $750 to $1,250. The lease gave the lessor an option to terminate the same on 90 days' written notice; and it specified sums which the lessor would pay to the lessee in the event of such termination, i.e.: If such termination occurred prior to February 28, 1950, either $50,000 or $60,000 depending upon whether the termination resulted from the lessor's sale of the demised premises; if it occurred between March 1, 1950, and February 29, 1952, $30,000; and if it occurred between March 1, 1952, and September 30, 1957, $20,000. Upon any such termination, all furniture, fixtures or personal property used in the operation of the hotel were to become the property of the lessor; and the payments above mentioned were to "constitute consideration" payable by the lessor to the lessee for said personal property. Petitioner, at all times subsequent to its incorporation on January 8, 1948, operated the Clift Hotel; and in connection therewith, it from time to time acquired certain *32 additional items of furniture, fixtures and personal property for use therein (hereinafter called the "other furniture"). On March 27, 1948, the three stockholders of petitioner, who were the three heirs and former partners above mentioned, sold all their shares of petitioner's capital stock (being the entire capital stock then outstanding), to F. F. Koen for $55,000. On April 1, 1948, following Koen's acquisition of said capital stock, new books of account were opened by the petitioner. The first entry in said new books, which represented a transfer of the accounts from the previous books of petitioner, included among other items the following: Dr.
Cr.
Leasehold - Clift Hotel
$25,462.50
Furniture and fixtures
5,937.50
Reserve for amortiza-
tion - Leasehold
$1,340.13
Reserve for deprecia-
tion
148.44 The total of the assets shown in said entry for the transfer of accounts was $37,942.53; and the total of the liabilities shown therein, including capital stock of $31,399.98 and surplus of $1,111.47, was likewise $37,942.53. Petitioner, in its amended income tax return for the year 1951 here involved, claimed deductions for amortization on the *33 new lease and for depreciation of all furniture and fixtures (including both the original and the other furniture), in the total amount of $5,500. The respondent however, in his notice of deficiency, disallowed part of said claimed deductions; and in lieu thereof he determined that petitioner was entitled to deductions for the same in the total amount of $3,068.64. Said allowance included deductions for amortization of the new lease and for depreciation of the original furniture, computed as follows: Original
Leasehold
furniture
Date acquired
1/8/48
1/8/48
Adjusted basis as of
1/8/48
$25,462.50
$5,937.50
Amortization and depreci-
ation previously claimed
and allowed to 1/1/51
9,944.58
2,318.97
Unrecovered balance as of
1/1/51
15,517.92
3,618.53
Remaining life as of
1/1/51
81 mos.
81 mos.
Amortization or deprecia-
tion allowable for 1951
$ 2,298.96
$ 536.04
The dispute here is what amounts are properly allowable for the year 1951 as amortization and depreciation on the new lease and the original furniture. As above stated, decision as to this requires ascertainment of petitioner's bases for said assets as of the dates on which such *34 corporation acquired the same. Petitioner contends that its basis, as of its dates of acquisition, for amortization of the new lease and for depreciation of the original furniture, was the lump-sum figure of $55,000, which it contends was the then total value of such assets. In support of such valuation, petitioner points to the following factors: (1) The appraisal of the old lease and the original furniture in the California probate proceedings at the respective values of $50,000 and $7,500, as of November 29, 1945; (2) The conclusion expressed in the resolution of petitioner's board of directors on January 8, 1948, that the assets and properties transferred to it by the three partner-heirs were of "the reasonable market value of $50,000"; (3) The provision in the new lease that, if the lessor terminated the same prior to February 28, 1950, he would pay petitioner $50,000 or $60,000, depending on the reason for the termination; and (4) The price at which petitioner's then stockholders sold all of the outstanding capital stock to F. F. Koen on March 27, 1948, which was $55,000. Respondent, on the other hand, determined and here contends that the proper bases for computing *35 amortization and depreciation on the new lease and the original furniture were the adjusted bases thereof, rather than the values, as of the critical dates. We think that the respondent's position, rather than that of the petitioner, is the correct one. The basis for depreciation and amortization of property is controlled by specific provisions of the Code. Section 114(a) of the 1939 Code provides in substance that the basis for depreciation and amortization of property shall be the adjusted basis provided in section 113(b) for the purpose of determining the gain upon the sale or other disposition of such property; and section 113(b), in turn, makes references to certain provisions of section 113(a). Thus, it is necessary to turn to the provisions of section 113(a) and (b), in determining the adjusted bases for the specific properties here involved. With this principle in mind, we shall first consider petitioner's initial adjusted basis for the original furniture. Petitioner acquired this furniture in a tax-free exchange under section 112(b)(5); and section 113(a)(8) provides that, in this circumstance, the basis shall be the same as it would have been in the hands of the parties *36 who transferred it in such exchange. Therefore petitioner's initial basis for the original furniture was the adjusted basis thereof in the hands of the partner-heirs, immediately preceding said tax-free exchange. As regards the new lease, petitioner acquired this by surrendering the unexpired old lease for cancellation, without any additional cost. We have heretofore held in Pig & Whistle Co., 9 B.T.A. 668, that in such circumstance, the basis of the new lease is the same as the adjusted basis of the old lease. The old lease, like the original furniture, was acquired in a section 112(b)(5) exchange; and under section 113(a)(8), its basis to petitioner was the same as it would have been in the hands of the transferors. Accordingly, petitioner's initial adjusted basis for the new lease (which was acquired without additional cost) was the same as the adjusted basis of the old lease in the hands of the partner-heirs, at the time when the old lease was acquired by petitioner from these heirs and was immediately surrendered for the new lease. Respondent, in his notice of deficiency, determined the amounts of petitioner's initial adjusted bases for the new lease and for the *37 original furniture from petitioner's own books of account, where they were carried at $25,462.50 for the lease and $5,937.50 for said furniture. Although these book entries are not conclusive, they are evidential; and there is no evidence tending to show that they do not correctly reflect petitioner's initial adjusted bases for such properties. Moreover, as a precautionary check on the accuracy of these book figures, we have ourselves computed the adjusted bases of such properties, by starting with the values of the old lease and the original furniture at the time they were acquired through inheritance by the partner-heirs in 1945, and by then making such adjustments for amortization and depreciation to January 8, 1948, as we have deemed proper under the provisions of the Code. Based on such independent check, we are satisfied that the initial adjusted bases for such properties as shown on the petitioner's books of account are substantially correct. Having thus determined petitioner's initial adjusted bases for the new lease and the original furniture, the computations necessary to determine the amounts allowable for amortization and depreciation thereon for the year 1951, are largely *38 mathematical. Such computations were made and set forth by the respondent in his notice of deficiency; and they have hereinabove been summarized by us. No error in respect of such computations has either been claimed or established. We here approve, in all respects, the determinations of the respondent herein. Decision will be entered for the respondent.